Ricciardone, David, J.
The plaintiff seeks an order compelling defendant Michael T. Mahoney (Mahoney) to answer its first set of interrogatories, or alternatively, to be allowed to serve more than thirty interrogatories. The defendant has refused to answer the interrogatories claiming they exceed thirty.
For reasons stated below, the motion to compel is ALLOWED in part, and DENIED in part.[1] The alternative motion is DENIED.
The court reviews the interrogatories here one by one to determine how many interrogatories were actually served. A running total will be kept based on the determination as to whether part(s) of the interrogatory should have been asked in separately numbered question(s). (The notation “OK” means that only one question was asked in this interrogatory and it was appropriately numbered as such.)
1. OK
2. This interrogatory asks two questions — one regarding contracts, the other asking how they differ with those attached to the Complaint. (Running total equals three interrogatories.)
3. This interrogatory asks two questions — one asks about the terms of employment and the second inquires as to changes to the terms. (Running total equals five interrogatories.)
4. This is liberally construed as one question on the co-brokering policy. (Running total equals six interrogatories.)
5. Here, “a” and “b” are subparts of one question on conversations; “c,” “d” and “e” are three separate questions. (Running total equals ten interrogatories.)
6. This inartfully-posed interrogatory is made up of five questions on different topics broached in the first five subparts lettered “a” through “e”; the second set of subparts lettered “a” through “d” are permissible subparts of each of the original five topics. (Running total equals fifteen interrogatories.)
7. Here “a” through “d” are legitimate subparts of one question as to conversations with Brian Ravenelle; “e” asks five altogether different questions. (Running total equals twenly-one interrogatories.)
8. This may be liberally construed as one question regarding all phone accounts. (Running total equals twenty-two interrogatories.)
9. OK. (Running total equals twenty-three interrogatories.)
10. Two totally different questions. (Running total equals twenty-five interrogatories.)
11. This liberally may be construed as one question as to all records in defendant’s possession. (Running total equals twenty-six interrogatories.)
12. OK. (Running total equals twenty-seven interrogatories.)
13.One question deals with all conversations with insureds (“a-d” are subparts); “e" represents two separate questions. (Running total equals thirty interrogatories.)
So it is the decision of the Court that the interrogatories numbered “1" through ”13" of the plaintiffs first set of interrogatories to Mahoney constitutes thirty interrogatories and should be answered by him (or if any is objected to, so stated). Mahoney need not answer interrogatories numbered “14,” “15" and ”16" since they exceed the limit allowed under Rule 33(a) (2), and no good cause has been presented to exceed this limit. No further interrogatories may be served upon defendant Michael Mahoney.
ORDER
The Motion to Compel is ALLOWED as to interrogatories numbered “1" through ”13," and DENIED as to interrogatories “ 14" through ”16." Defendant Mahoney must answer as compelled within forty-five (45) days of the date of entry of this order.
The alternative motion to exceed thirty interrogatories is DENIED.

 Essentially the parties are asking this court to figure out how many interrogatories were actually served here in spite of the numbering used. It is hoped and expected, given the expenditure of court time on this exercise, that the parties will have guidance enough going forward not to require such intervention as to interrogatories served, or to be served, by anyone upon anyone else.